**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Rushan Counts, Appellant.

Appellate Case No. 2011-183728

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2012-UP-585
Heard October 4, 2012 – Filed October 31, 2012

**AFFIRMED**

Assistant Appellate Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Attorney General Salley W. Elliott, Assistant Attorney General Julie Kate Keeney, and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

**PER CURIAM:**  Rushan Counts appeals his conviction of possession with intent to distribute marijuana, arguing the trial court erred in denying his motion to suppress evidence found at his residence after Counts opened his door in response to police officers knocking at the door.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion.  An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (citation and internal quotation marks omitted)); *Kentucky v. King*, 131 S.Ct. 1849, 1862 (2011) ("When law enforcement officers who are not armed with a warrant knock on a door, they do no more than any private citizen might do.  And whether the person who knocks on the door and requests the opportunity to speak is a police officer or a private citizen, the occupant has no obligation to open the door or to speak."); *United States v. Cephas*, 254 F.3d 488, 493 (4th Cir. 2001) ("A voluntary response to an officer's knock at the front door of a dwelling does not generally implicate the Fourth Amendment, and thus an officer generally does not need probable cause or reasonable suspicion to justify knocking on the door and then making verbal inquiry."); *Wright*, 391 S.C. at 445, 706 S.E.2d at 328 (holding that police officers investigating an anonymous tip about dog fighting activity at a residence "had the investigative authority to approach the front door of the [residence] in order to investigate the anonymous tip" and noting that defense counsel "admitted that police may lawfully knock on the door after receiving a complaint").

**AFFIRMED.**

**FEW, C.J., WILLIAMS and PIEPER, JJ., concur.**